# ATTACHMENT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————x

NAPOLI LAW PLLC

                              Plaintiff

        v.

KEYES LAW FIRM, LLC, MARY KEYES and NAPOLI
BERN RIPKA SHKOLNIK, LLP

                          Defendants

————————————————————————x

Civil No. 19-1558-DRH-ARL

**ORAL ARGUMENT
REQUESTED**

**MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS AND
FOR SANCTIONS OR, IN THE
ALTERNATIVE, TO TRANSFER**

Cheryl F. Mintz (Reg. No. 2585016)
Rosenthal & Mintz LLP
330 Vanderbilt Motor Parkway, Suite 300
Hauppauge, New York  11788
(631) 306-4453 Telephone
(631) 622-7701 Facsimile
cmintz@rosemintzllp.com

Andrew Jay Graham
David J. Shuster (admitted *pro hac vice*)
Jean E. Lewis (admitted *pro hac vice*)
Ezra S. Gollogly (admitted *pro hac vice*)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
 (410) 752-6030 Telephone
 (410) 539-1269 Facsimile
agraham@kg-law.com
dshuster@kg-law.com
jlewis@kg-law.com
egollogly@kg-law.com

*Counsel for Defendants Keyes Law Firm, LLC and Mary Keyes*

17249/1/02973484.DOCXv3

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................................. 1

II.   BACKGROUND .............................................................................................. 5

     A.    The Maryland Federal Action ............................................................... 5

     B.    This Action ........................................................................................... 7

III.  CONTROLLING LEGAL PRINCIPLES ........................................................ 10

     A.    12(b)(2) Dismissal .............................................................................. 10

     B.    12(b)(6) Dismissal .............................................................................. 10

     C.    Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Power .... 10

     D.    Transfer .............................................................................................. 11

IV.   ARGUMENT .................................................................................................. 11

     A.    This Court lacks personal jurisdiction over KLF and Ms. Keyes and
          should  dismiss Plaintiff Napoli's claim for abuse of process for that
          reason alone. ...................................................................................... 11

     B.    Plaintiff Napoli's purported claim for abuse of process is meritless and
          should be dismissed with prejudice for failure to state a claim. .......... 14

     C.    The Court should grant KLF and Ms. Keyes reasonable attorneys' fees and
          costs associated with defending this bad-faith action. ......................... 18

     D.    In the alternative, this case should be transferred to the U.S. District Court
          for the District of Maryland. ............................................................... 23

V.    CONCLUSION ............................................................................................... 24

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991) ........................................................ 15

*Ameasia Co. v. Golding Village Trading, Inc.*, 2009 WL 10706737 (E.D.N.Y. July 27, 2009) ............................................................................................................................. 18

*Board of Managers of 325 Fifth Ave. Condo. v. Continental Residential Holdings. LLC,* 149 A.D.3d 472, 475 (1st Dep't 2017)............................................................................. 19

*Bonadio v. East Park Research, Inc.*, 220 F.R.D. 187, 188–90 (E.D.N.Y. 2003) ................ 15, 16

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.,* 233 F.3d 697, 699 (2d Cir. 2000) ......... 15

*Curiano v. Suozzi,* 63 N.Y. 2d 113, 116 (1984)............................................................... *4, 17, 18*

*Drago v. Buonagurio*, 402 N.Y.S. 2d 250, 252 (3d Dep't) ................................................ 18

*Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574–75 (E.D.N.Y. 2008).............................. 14, 17

*Goldman v. Citicore I, LLC*, 149 A.D.3d 1042, 1044-45 (2d Dep't 2017) ........................... 23

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260, 2009 WL 4547792, at *3 (E.D.N.Y. Dec. 1, 2009) ......................................................................... 10

*Hauser v. Bartow*, 273 N.Y. 370, 374 (1937).................................................................. 18

*In re Dental Supplies Antitrust Litig.,* 2017 WL 4217115 (E.D.N.Y. 2017) ........................ 14

*Krellman v. Livingston*, 406 N.Y.S. 2d 881, 882 (2d Dept. 1978) ..................................... 18

.......................................................................................................................................... 18

*Miller v. Stern*, 262 App. Div. 5, 7–8 (1st Dep't 1941) .................................................... 18

*Napoli v. Bern*, 60 Misc.3d 1221(A) at *8 (N.Y. Sup., N.Y. Cnty. Aug. 14, 2018)... 3, 4, 6, 17, 23

*Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 758 (7th Cir. 2015)........... 3, 17

*PSI Metals v. Firemen's Ins. Co. of Newark, N.J.,* 839 F.2d 42 (2d Cir. 1988)........................ 18

*Sati v. Wells Fargo Ins. Servs., Inc.*, 2016 WL 7116069 (E.D.N.Y. Dec. 5, 2016).......... 12, 24, 25

*Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Circ. 1999) ................ 20

*Scully v. Genesee Milk Producer's Co-op, Inc,* 434 N.Y.S. 2d 48, 50 (4th Dep't 1980) ............. 18

*Semon v. Brandon,* 2008 WL 11450574 (E.D.N.Y. Nov. 15, 2008) ........ 10, 11, 13, 14, 20, 21, 23

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp.2d 161, 165-66 (E.D.N.Y. 1999) ....................................................................................................... 3, 5, 15, 16, 25

*Southern Const. Co. v Pickard*, 371 U.S. 57, 60 (1962)............................................................ 15

*Tender Trap, Inc. v. Town of Huntington,* 100 Misc.22 108, 418 N.Y.S. 537, 541 (Sup. Ct., Suffolk Cnty. 1979) ....................................................................................................... 18

*Thomas v. Ashcroft,* 470 F.3d 491, 495 (2d Cir. 2006)................................................... 10

*Timmermann's Ranch & Saddle Shop, Inc.*, 795 F.3d 748, 758 (7th Cir. 2015) ......................... 3

*Timothy Coffey Nursery Landscape Inc. v. Soave*, No. 18-227, 2019 WL 319434 (2d Cir. Jan. 23, 2019) ............................................................................................................................. 12

*Troma Entertainment, Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) ........ 12

*Williams v. Williams,* 23 N.Y.S. 2d 473, 476-77 (1969) ................................................. 18

*Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195–96 (E.D.N.Y. 2018) ...................... 14

**Statutes**

28 U.S.C. § 1391...................................................................................................... 24, 25

28 U.S.C. § 1404.............................................................................................. 12, 24, 25

28 U.S.C. § 1927...................................................................................... 5, 11, 19, 20

Md. Code Ann., Corps. & Assoc. § 4A-301 ...................................................................... 19

Fed. R. Civ. P. 11 ................................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 10

Fed. R. Civ. P. 13(a). ........................................................................................................ 15

NY CPLR § 301 ................................................................................................................ 11

NY CPLR § 302 ................................................................................... 3, 11, 12, 14, 15

Defendants Keyes Law Firm, LLC ("KLF") and Mary Keyes, Esquire move for an order dismissing with prejudice the complaint against them and requiring Napoli Law PLLC ("Plaintiff Napoli") and its attorneys, Marie Napoli and Napoli Shkolnik PLLC, to reimburse KLF and Ms. Keyes for the attorneys' fees and costs they incurred to defend against this action and the nearly identical action that was previously filed against them in New York State Court.  In the alternative, KLF and Ms. Keyes move for an order transferring this action or KLF's motion for sanctions to the United States District Court for the District of Maryland.

## I.    INTRODUCTION

The complaint is baseless.  It purports to assert a claim for abuse of process against KLF and Ms. Keyes in connection with a pending lawsuit that KLF commenced in 2017 in the United States District Court for the District of Maryland.  *See Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.*, Case No. 17-cv-2972-RDB ("Maryland Federal Action").  *See* Affirmation of David J. Shuster ("Shuster Aff.") at **Exs. A, B**.

In the Maryland Federal Action, KLF asserts claims for, *inter alia*, breach of contract and an accounting arising out of the breach of agreements to associate as counsel on 2,174 of KLF's clients' asbestos claims.  *Id.*  The Maryland Federal Action names as defendants lawyers Paul J. Napoli and Marc Bern and numerous law firm entities that they, individually or together, control. One defendant in the Maryland Federal Action is Napoli Law, *i.e.*, the plaintiff here.  Plaintiff Napoli's counsel of record in the instant action is Ms. Napoli of Napoli Shkolnik PLLC ("Napoli Shkolnik"), the wife of Mr. Napoli.  *Id.*  Another defendant in the Maryland Federal Action is Napoli Bern Ripka Shkolnik, LLP ("Defendant Napoli").  *Id.*  Defendant Napoli is one of several law firm entities controlled by Mr. Napoli and Mr. Bern.  Defendant Napoli is also a named defendant in the instant lawsuit—a defendant that was fraudulently joined for the sole purpose of

attempting to defeat diversity jurisdiction, as explained in KLF's and Ms. Keyes' notice of removal. *See* EDNY ECF 1. Defendant Napoli's counsel of record is Mr. Napoli, also of Napoli Shkolnik. Thus, Plaintiff Napoli (a client represented by Mrs. Napoli) is suing Defendant Napoli (another client represented by her husband and law partner Mr. Napoli) in the very same action.[1]

Notwithstanding that Plaintiff Napoli alleges here that KLF and Ms. Keyes "have engaged in the malicious and deliberate misuse of federal district court proceedings," EDNY ECF 1-2 at ¶ 20, the Honorable Richard D. Bennett, U.S. District Judge for the District of Maryland, has held on *three separate occasions* that KLF's claims against all defendants, including Plaintiff Napoli, are well-plead and should proceed in the Maryland Federal Action.

*First*, on August 14, 2018, Judge Bennett denied the Napoli defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim, holding that KLF had alleged sufficient facts to support each of its claims, including its claims against Plaintiff Napoli. *See* Shuster Aff. at **Exs. J, K**. *Second*, on February 12, 2019, Judge Bennett denied the Napoli defendants' motion for judgment on the pleadings, holding once again that KLF had alleged sufficient facts such that its claims, including those against Plaintiff Napoli, should proceed. *See id.* at **Ex. P**. *Third*, on February 12, 2019, Judge Bennett granted KLF's motion for leave to file a first amended complaint, rejecting the Napoli defendants' argument that such amendment was futile, and holding for a *third time* that KLF had stated viable claims against all defendants, including Plaintiff Napoli. *See id.*

At no point in the Maryland Federal Action has Plaintiff Napoli filed any counterclaim or motion seeking relief for the damages it now claims to have been caused by the commencement

---

[1] Plaintiff Napoli, Defendant Napoli, and Napoli Shkolnik share the same office as well. Shuster Aff. at **Exs. G, H, I**.

of KLF's lawsuit.  The Maryland Federal Action is pending and discovery is in full swing.[2]

Plaintiff Napoli's complaint should be dismissed for three reasons.  *First*, this Court lacks personal jurisdiction over KLF or Ms. Keyes (Maryland citizens).  In sum, KLF and Ms. Keyes did not cause Plaintiff Napoli to suffer injury in New York (or anywhere, actually); Plaintiff Napoli's purported abuse of process claim does not arise out of contacts with New York; and Ms. Keyes, who is not a party to the Maryland Federal Action, did not commit (and is not alleged to have committed) any of the "acts" referenced in the instant complaint.  As a result, the New York statute that governs personal jurisdiction over non-domiciliaries, NY CPLR § 302, does not apply.

*Second*, Plaintiff Napoli was required to assert any purported abuse of process claim as a compulsory counterclaim in the Maryland Federal Action.  As this Court has previously held, "[b]ecause the plaintiffs' action is duplicative of, and predicated entirely upon claims that would be compulsory counterclaims in, or addressed to the inherent authority of" the federal court in Maryland, the claims against KLF and Ms. Keyes should be dismissed.  *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp.2d 161, 165-66 (E.D.N.Y. 1999); *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 758 (7th Cir. 2015).

*Third*, Plaintiff Napoli's complaint fails to state a claim for abuse of process.  New York courts have repeatedly held—including in connection with an abuse of process claim that, ironically, Marie Napoli brought in another litigation—that the mere "institution of a civil

---

[2] Discovery has not gone well for the Napoli defendants.  On February 28, 2019, Judge Bennett issued an order compelling the Napoli defendants to produce searchable ESI, after finding their excuse for refusing to do so "implausible."  Shuster Aff. at **Ex. C**.  On April 18, 2019, Judge Bennett issued a second order compelling the Napoli defendants to fully comply with the Court's February 28 Order and, if they fail to so comply, ordered the Napoli defendants to appear in court to show cause why they should not be held in civil contempt and subject to sanctions.  Shuster Aff. at **Ex. D**.  The show cause hearing was held on May 9, 2019, and Judge Bennett sanctioned the Napoli defendants, requiring them to pay attorney's fees.

action," even if prompted by a "malicious motive," "is not legally considered a process capable of being abused."  *See, e.g., Curiano v. Suozzi*, 63 N.Y. 2d 113, 116 (1984); *see also Napoli v. Bern*, 60 Misc.3d 1221(A), at *8 (N.Y. Sup., N.Y. Cnty. Aug. 14, 2018).  In addition, the complaint before this Court is devoid of any allegations regarding Ms. Keyes.

Sanctions are also warranted given the egregious history that precedes this action, which represents the *third* attempt by Napoli-controlled entities to harass KLF and Ms. Keyes for commencing the Maryland Federal Action.

Specifically, on January 15, 2019, another Napoli-controlled entity—Napoli, Kaiser, Bern & Associates, LLP ("Napoli Kaiser"), also represented by Ms. Napoli—filed a substantively identical complaint against KLF and Ms. Keyes in New York State Court (the "First New York Action").  *See* Shuster Aff. at **Ex. S** (complaint in First New York Action).  By letter dated February 23, 2019, KLF's counsel advised the Napoli defendants' Maryland counsel that KLF and Ms. Keyes "reserve all rights to seek sanctions in connection with the [First] New York [A]ction, which by any measure is meritless and was not brought in good faith."  *See* Shuster Aff. at **Ex. X** (Feb. 13, 2019 Gollogly Letter).  KLF's counsel further advised they would give the Napoli defendants "an opportunity to dismiss [the First New York Action] before it progresse[d] any further," and explained why the abuse of process claim in that lawsuit was meritless.  *Id*.  KLF's counsel noted that the Napoli defendants must be "aware of improper abuse of process claims," citing the above-referenced case in which Marie Napoli's claim for abuse of process was dismissed at the pleadings stage.  *Id*. (citing *Napoli*, 2018 N.Y. Slip Op. 51193(U)).

The Napoli defendants never responded to the February 23 letter; in fact, their Maryland counsel made it clear that they were unable to respond on their clients' behalf.  *See* Shuster Aff. at **Ex. Y** (Feb. 13, 2019 Rosenberg email).  Instead, just days before KLF's and Ms. Keyes'

responsive pleadings were due in the First New York Action, and only after KLF and Ms. Keyes were forced to engage local counsel and expend resources in preparing to defend the First New York Action, Napoli Kaiser voluntarily withdrew its complaint without notice to KLF or Ms. Keyes.  Mere days later, despite having been placed on notice of the hopelessly deficient nature of the abuse of process claim, Ms. Napoli filed the instant action on behalf of Plaintiff Napoli.

In addition, Napoli Bern—the fraudulently joined defendant in this action—previously attempted to file a meritless counterclaim in the Maryland Federal Action against KLF and Ms. Keyes.  Defendant Napoli withdrew that counterclaim after KLF's counsel served (but, pursuant to local rules, had not yet filed) a motion for sanctions under Fed. R. Civ. P. 11.  *See* Maryland Federal Action at ECF 120 (notice of voluntary dismissal).

This conduct proves that Ms. Napoli and Plaintiff Napoli are not deterred by their claim's lack of merit and, instead, filed this lawsuit to harass KLF and Ms. Keyes by needlessly multiplying the proceedings and increasing KLF's and Ms. Keyes's attorneys' fees and expenses. Consequently, pursuant to 28 U.S.C. § 1927 and this Court's inherent powers, this Court should, as a sanction, award to KLF and Ms. Keyes their legal fees and costs against Plaintiff Napoli and Ms. Napoli for having to defend these baseless actions.

Alternatively, if this Court is not inclined to dismiss the complaint or grant sanctions, this Court should transfer either this action or KLF's motion for sanctions to the United States District Court for the District of Maryland.  This Court has done exactly that in similar circumstances.  *See Shmuel Shmueli*, 68 F. Supp. 2d at 166 (dismissing complaint and transferring motion for sanctions).

## II.      BACKGROUND

### A.      The Maryland Federal Action

On October 9, 2017, KLF commenced the Maryland Federal Action.  *See* Maryland Federal Action at ECF Nos. 1 (complaint) & 145 (first amended complaint); *see also* EDNY ECF No. 1 (Notice of Removal).  Ms. Keyes is not a party to that Action.  *See* Shuster Aff. at **Ex. A**.

The Maryland Federal Action names as defendants two individuals—former law partners Messrs. Napoli and Bern—and 16 of their law firms:[3] Napoli Bern Ripka Shkolnik, LLP; Napoli Bern, LLP; Napoli, Bern & Associates, LLP; Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; Law Offices of Napoli Bern, LLP; Law Offices of Napoli Bern Ripka & Associates LLP; Law Offices of Napoli Bern Ripka Shkolnik LLP; Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP; Napoli, Kaiser, Bern & Associates, LLP; Pasternack Tilker Napoli Bern LLP; Napoli Shkolnik PLLC; Napoli Law PLLC; Paul Napoli Law PLLC; and Marc J. Bern & Partners LLP.  *See* Maryland Federal Action at ECF No. 145 (first amended complaint).  *See* Shuster Aff. at **Exs. A, B**.

As noted above, Ms. Napoli (Plaintiff Napoli's counsel of record here) is Mr. Napoli's wife and is a member of Napoli Shkolnik.  *See, e.g., Napoli*, 60 Misc. 3d 1221(A), at \*1; *see also* Shuster Aff. at **Ex. E** (Marie Napoli Bio).  Defendant Napoli (represented by Mr. Napoli, the husband and law partner in the same firm, Napoli Shkolnik), the fraudulently joined defendant here, is a "prior form" of Napoli Shkolnik.  *See* Shuster Aff. at **Ex. F** (Napoli affidavit).  Indeed, that Napoli Shkolnik is counsel of record for Plaintiff Napoli and for Defendant Napoli is, of

---

[3] In the Maryland Federal Action, KLF alleges that although the Association Agreements at issue were originally entered into by KLF and Defendant Napoli, after Messrs. Napoli and Bern stopped practicing law together, the Association Agreements were assigned, by way of a "Case Distribution Process," to the other law firm defendants.  Moreover, KLF alleges that Mr. Napoli referred to the firms in existence before the Napoli-Bern breakup were a "family of law firms," and that Mr. Napoli treated those firms interchangeably and as his alter-ego.  As explained below, the Court in the Maryland Federal Action has held on three occasions that these allegations suffice to state claims against all of the law firm defendants, including Napoli Law.

6

itself, conclusive evidence of a fraudulent joinder, as there is no conceivable circumstance where a law firm can ethically represent one client in active litigation in the same action against another client of the same firm and being represented by the same law firm.

In the Maryland Federal Action, KLF alleges that 14 of the 16 law firm defendants are owned and controlled, in whole or in part, by Mr. Napoli ("Napoli Firms"), and that the Napoli Firms are alter-ego entities that Mr. Napoli uses to perpetrate frauds and frustrate creditors like KLF. *See* Maryland Federal Action, ECF No. 145 (first amended complaint) at ¶¶ 3, 6–22, 43, 57–58, 62, 72–74, 78, 89, 102, 110.

As noted above, Judge Bennett has held on three separate occasions that KLF's claims against all defendants, including Plaintiff Napoli, should proceed in the Maryland Federal Action. *First*, Judge Bennett denied the Napoli defendants' motion to dismiss. *See* Maryland Federal Action at ECF Nos. 63 & 64 (filed on Aug. 14, 2018); Shuster Aff. at **Ex. K**.  In so doing, Judge Bennett specifically rejected the argument that only the signatory to the Association Agreements (Defendant Napoli) is obligated under those agreements.  Thus, Judge Bennett rejected the *precise argument* Plaintiff Napoli now attempts to raise in its complaint here.  And, Judge Bennet held that KLF had alleged sufficient facts to state a claim as to all defendants, including Plaintiff Napoli.  *See id*.  *Second*, Judge Bennett denied the Napoli defendants' motion for judgment on the pleadings.  *See id*. at ECF No. 144 (filed on Feb. 12, 2019); Shuster Aff. at **Exs. N, O, P**.  *Third*, Judge Bennett granted KLF's motion for leave to file a first amended complaint, thereby holding for a third time that KLF had stated viable claims against all defendants, including Plaintiff Napoli.  Shuster Aff. at **Exs. P, Q, R.**

**B.    This Action**

On February 19, 2019—five months after Judge Bennett's rulings—Plaintiff Napoli filed this action in the Supreme Court of the State of New York, County of Suffolk, alleging that KLF's claims are "frivolous" and that the Maryland Federal Action constitutes an "abuse of process." *See* Complaint, ¶¶ 1, 18.

As noted above, this is at least the third time the Napoli parties have retaliated against Ms. Keyes and KLF for KLF bringing the Maryland Federal Action.  On September 14, 2018, Defendant Napoli filed a frivolous counterclaim against KLF that also named Ms. Keyes individually.  *See* Maryland Federal Action at ECF No. 94; Shuster Aff. at **Ex. L**.  After KLF's counsel drafted and served, but (pursuant to local procedure) had not yet filed, a motion for sanctions, Defendant Napoli withdrew its counterclaim.  *See id*. at ECF No. 120 (notice of voluntary dismissal); Shuster Aff. at **Exs. M**.

On January 15, 2019, Napoli Kaiser filed the First New York Action against KLF, Ms. Keyes, and Defendant Napoli.  *See* Shuster Aff. at **Ex. S** (First New York Action complaint). The complaint in the First New York Action is substantively identical to the instant complaint. As she does here, Ms. Napoli appeared as counsel for Napoli Kaiser in the First New York Action.  *See* Shuster Aff. at **Ex. T** (First New York Action Case detail).  On January 28, 2019, Marc Bern's counsel wrote to Salvatore Badala (a law partner with Mr. and Mrs. Napoli), another attorney for Napoli Kaiser in the First New York Action,[4] and demanded that the complaint be withdrawn.  *See* Shuster Aff. at **Ex. V** (Jan. 28, 2019 Ross Letter).  On February 23, 2019, KLF's counsel wrote to the Napoli parties' Maryland counsel and stated that KLF and Ms. Keyes "reserve all rights to seek sanctions in connection with the [First] New York [A]ction, which by

---

[4] Mr. Badala is a partner of and the general counsel for Napoli Shkolnik, the successor firm to Napoli Bern at which Marie Napoli is a founding member.  *See* Shuster Aff. at **Ex. U** (Badala Bio), **Ex.** (Napoli affidavit at ¶ 4 stating Napoli Bern is the "prior form" of Napoli Shkolnik).

any measure is meritless and was not brought in good faith." *See* Shuster Aff. at **Ex. X** (Feb. 13, 2019 Gollogly Letter). KLF's counsel stated that they would give the Napoli parties "an opportunity to dismiss [the First New York Action] before it progresse[d] any further," and detailed why the abuse of process claim was meritless. *Id*. KLF's counsel noted that the Napoli parties must be "aware of improper abuse of process claims," citing a recent decision rejecting a prior abuse of process claim brought by Marie Napoli. *Id*. (citing *Napoli*, 2018 N.Y. Slip Op. 51193(U)).

The Napoli parties did not substantively respond. *See* Shuster Aff. at **Ex. Y** (Feb. 13, 2019 Rosenberg email). Instead, just days before KLF's and Ms. Keyes' responsive pleadings were due in the First New York Action, and only after KLF and Ms. Keyes were forced to engage local counsel and expend substantial resources in preparing to defend the First New York Action, Napoli Kaiser voluntarily withdrew its complaint without notice to KLF or Ms. Keyes. A few days later, Marie Napoli filed this action on behalf of Plaintiff Napoli.

Plaintiff Napoli's complaint alleges that the Maryland Federal Action names "numerous entities," including Plaintiff Napoli, that were not "involved with the events at issue" in KLF's complaint. Complaint, ¶¶ 2, 14–16, 20. Plaintiff Napoli also alleges that, because Ms. Keyes is an "experienced asbestos litigator," she should know that Plaintiff Napoli does not engage in asbestos litigation. *Id.* In addition, Plaintiff Napoli alleges that KLF and Ms. Keyes instituted the Maryland Federal Action to "embarrass and harass Paul Napoli," and that, in instituting the Maryland Federal Action, KLF and Ms. Keyes "misused this process." *Id.* at ¶¶ 17, 20–21.

Count one ("Abuse of Process against KLF and Mary Keyes") alleges that, because of the Maryland Federal Action, Plaintiff Napoli has incurred "tremendous costs and fees" and has "suffered harm in the form of reputational damage." *Id.* at ¶¶ 18, 22. In count one, Plaintiff

Napoli seeks: (1) compensatory damages for reputational damage suffered by Plaintiff Napoli; (2) compensatory damages for attorneys' fees and litigation costs borne by Plaintiff Napoli in the Maryland Federal Action; and (3) an order that KLF and Ms. Keyes discontinue "their lawsuit" (*i.e.*, the Maryland Federal Action) against Plaintiff Napoli. *Id.* at 4.

Count two purports to seek a declaratory judgment that Napoli Bern is required to indemnify Plaintiff Napoli for legal fees and costs incurred by Plaintiff Napoli in defending the Maryland Federal Action and for any judgment entered against Plaintiff Napoli in the Maryland Federal Action. *Id.* at ¶¶ 24–26. As set out in Ms. Keyes and KLF's Notice of Removal, Plaintiff Napoli fraudulently joined Defendant Napoli for the sole purpose of attempting to defeat this Court's ability to exercise diversity jurisdiction. *See* EDNY ECF No. 1.

## III. CONTROLLING LEGAL PRINCIPLES

### A. 12(b)(2) Dismissal

This Court should grant a motion to dismiss under Fed. R. Civ. P. 12(b)(2) if the plaintiff fails to carry its burden of making a "'prima facie showing that jurisdiction exists.'" *See Semon v. Brandon*, 2008 WL 11450574, at *2 (E.D.N.Y. Nov. 15, 2008) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).

### B. 12(b)(6) Dismissal

"Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed 'for failure of the pleading to state a claim upon which relief can be granted.'" *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260, 2009 WL 4547792, at *3 (E.D.N.Y. Dec. 1, 2009) (quoting Fed. R. Civ. P. 12(b)(6)).

### C. Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Power

Pursuant to 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Semon v. Brandon*, 2008 WL 11450574, at *4 (E.D.N.Y. Nov. 15, 2008) (internal quotation marks and citation omitted).  As explained below, the Court has inherent power, as well, to sanction for vexatious litigation conduct.

###### D.     Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  That a related action is pending in another district weighs "strong[ly]" in favor of transfer to that district.  *See Sati v. Wells Fargo Ins. Servs., Inc.*, 2016 WL 7116069, at *2–*3 (E.D.N.Y. Dec. 5, 2016).

## IV.    ARGUMENT

### A.     This Court lacks personal jurisdiction over KLF and Ms. Keyes and should dismiss Plaintiff Napoli's claim for abuse of process for that reason alone.

There are two ways to establish personal jurisdiction over a non-domiciliary in New York: (1) general jurisdiction, pursuant to NY CPLR § 301; and (2) specific jurisdiction, pursuant to NY CPLR § 302.  Plaintiff Napoli attempts to invoke specific jurisdiction under NY CPLR § 302, which confers jurisdiction over a non-domiciliary that

1.      transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2.      commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3.      commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4.      owns, uses or possesses any real property situated within the state.

*See* NY CPLR § 302(a); *see also* Complaint, ¶ 9.

Parroting § 302(a)(3) without providing any factual information, Plaintiff Napoli alleges that jurisdiction over KLF and Ms. Keyes is proper because they "committed a tortious act causing injury to person and property within the State of New York."  *See* Complaint, ¶ 9.  That conclusion, however, is directly contradicted by other allegations in the complaint, which concern conduct in Maryland federal court by two Maryland citizens that allegedly caused injury to Plaintiff Napoli in Maryland.  *See* Complaint, ¶¶ 2, 6–7.

Plaintiff Napoli's allegations do not as a matter of law confer jurisdiction over KLF or Ms. Keyes.  *First*, Plaintiff Napoli has not alleged (and cannot allege) that KLF or Ms. Keyes caused Plaintiff Napoli injury in New York.  "Courts determining whether there is injury in New York sufficient to warrant jurisdiction under this provision generally apply a situs-of-injury test, where the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff."  *Timothy Coffey Nursery Landscape Inc. v. Soave*, No. 18-227, 2019 WL 319434, at *2 (2d Cir. Jan. 23, 2019) (collecting cases; internal quotation marks omitted).  Moreover, "the suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for NY CPLR § 302(a)(3) purposes." *Troma Entertainment, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (internal quotation marks omitted).

Here, the "event" that allegedly caused Plaintiff Napoli's purported injury—the filing and prosecution of the Maryland Federal Action—took place in Maryland, and the only injuries Plaintiff Napoli claims to have suffered are economic.  Under such circumstances, this Court

may not exercise personal jurisdiction pursuant to § 302(a)(3).  *See Semon*, 2008 WL 11450574, at *2 (on claim for abuse of process arising out of lawsuit defendants filed against plaintiffs in California, § 302(a)(3) did not provide a basis for personal jurisdiction because the injury occurred at the location of the events that caused the injury, *i.e.*, California).

*Second*, the Complaint is devoid of allegations to satisfy § 302(a)(3)(i) or (ii), and even if Plaintiff Napoli had made such allegations, Plaintiff Napoli's claim against KLF and Ms. Keyes does not arise out of contacts with New York, which renders specific jurisdiction unavailable. The only possible contact with New York alleged in the complaint is the contractual relationship between KLF and Defendant Napoli, a New York limited liability partnership.  *See* Complaint, ¶¶ 12–13.  But, Plaintiff Napoli's claim against KLF and Ms. Keyes plainly does not arise out of those contracts.  Rather, Plaintiff Napoli's claim arises out of KLF's initiation of the Maryland Federal Action.  Indeed, Plaintiff Napoli alleges that it "never had any dealings with KLF" related to KLF's contracts with Defendant Napoli.[5]  *See* Complaint, ¶ 24.

This Court has previously held under similar circumstances that a claim for abuse of process is committed, if at all, in the jurisdiction where the allegedly abusive lawsuit was filed. *See Semon v. Brandon*, 2008 WL 11450574, at *2 (E.D.N.Y. Nov. 15, 2008).  Because Plaintiff Napoli's claim against KLF and Ms. Keyes arises out of conduct that took place exclusively in Maryland, New York's long-arm statute provides no basis for personal jurisdiction.  *See Semon v. Brandon*, 2008 WL 11450574, at *2 (E.D.N.Y. Nov. 15, 2008) ("to the extent that the tort of abuse of process was committed, it was committed in California [where the allegedly abusive lawsuit was filed] not New York").

---

[5] KLF and Ms. Keyes cite this allegation solely for purposes of this motion, and without prejudice to KLF's ability to present evidence showing Napoli Law was, in fact, extensively involved in the contracts originally entered into by Napoli Bern and KLF.

*Third*, Ms. Keyes did not institute the Maryland Federal Action, is not a party to the Maryland Federal Action, and did not commit any "act" within the meaning of § 302.  This Court should reject Plaintiff Napoli's attempt through conclusory allegations to ascribe actions to Ms. Keyes that she indisputably did not take, as demonstrated by publicly available documents in the Maryland Federal Action.  *See Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574–75 (E.D.N.Y. 2008) (on a motion to dismiss, court may reject the truthfulness of allegations that are contradicted by publicly available documents); *see also Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195–96 (E.D.N.Y. 2018) (holding no personal jurisdiction over owner of entity when complaint was "bereft of any facts tending to support" conclusory allegations that the individual owner participated in alleged torts) (collecting authority).

Because there is no statutory basis for the Court to exercise personal jurisdiction over KLF or Ms. Keyes, the Court need not consider whether jurisdiction comports with due process. It does not because where, as here, a defendant's contacts with New York "lack a nexus to" the lawsuit, a court's exercise of personal jurisdiction violates due process.  *See, e.g.*, *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at \*8-\*9 (E.D.N.Y. Sept. 20, 2017).

### B.  Plaintiff Napoli's purported claim for abuse of process is meritless and should be dismissed with prejudice for failure to state a claim.

1.  *Plaintiff Napoli is barred from filing a duplicative lawsuit asserting claims predicated entirely on the institution of the Maryland Federal Action.*

A compulsory counterclaim is "any claim which at the time of serving the pleading the pleader has against any party if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim."  Fed. R. Civ. P. 13(a).  Fed. R. Civ. P. 13(a) seeks to prevent "'multiplicity of actions'" and "inconsistent judicial determination and verdicts on similar issues," "preserv[e] scarce judicial resources," and "'achieve resolution in a single lawsuit of all

disputes arising out of common matters.'" *Bonadio v. East Park Research, Inc.*, 220 F.R.D. 187, 188–90 (N.D.N.Y. 2003) (quoting *Southern Const. Co. v Pickard*, 371 U.S. 57, 60 (1962)). "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit.'" *Adams v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotation marks omitted). "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (citation omitted).

This Court should dismiss count one of the complaint because any claim that the Maryland Federal Action is an "abuse of process" is a compulsory counterclaim that Plaintiff Napoli is barred from bringing in this separate action.

A previous ruling of this Court is directly on point. In *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161 (E.D.N.Y. 1999), plaintiffs alleged that defendants had "scheme[d] to coordinate litigation" in the Southern District of New York and brought claims, including for abuse of process, that were "predicated on the facts underlying the Southern District lawsuit, and on the lawsuit itself." *Id.* at 164. This Court observed that those claims were "plainly compulsory counterclaims under Rule 13(a), or matters that otherwise should be raised before [the Southern District judge] as properly within the scope of his inherent authority to control the disposition of cases on his docket." *Id.* at 165.

> Having failed, for whatever reason, to assert their counterclaims in one action, plaintiffs may not institute a second action in which those counterclaims become the basis of the complaint. *Where plaintiffs' objective in bringing the duplicative action is to circumvent prior orders of the original court, it should hardly need saying that the court where the duplicative action is brought may not lend its hand to the advancement of such tactics.* Because the plaintiffs' action is

duplicative of, and predicated entirely upon claims that would be compulsory counterclaims in, or addressed to the inherent authority of, the [S.D.N.Y. judge] . . . , the Complaint is dismissed in its entirety.

*Id*. at 165–66 (emphasis added).

Plaintiff Napoli's complaint here is an obvious attempt to circumvent Judge Bennett's rulings in the Maryland Federal Action, which have consistently upheld KLF's claims against Plaintiff Napoli.  Count one is predicated entirely on KLF's institution of the Maryland Federal Action, and should have been brought as a compulsory counterclaim or otherwise addressed to Judge Bennett in the Maryland Federal Action.  The Court should decline Plaintiff Napoli's invitation to "lend its hand to the advancement of" Plaintiff Napoli's litigation tactics.

Accordingly, Plaintiff Napoli should be barred from bringing its abuse of process claim in this Court, and count one of the complaint should be dismissed with prejudice.  *See Shmuel Shmueli,* 68 F. Supp. 2d 161 (dismissing abuse of process claim predicated entirely on a lawsuit pending in S.D.N.Y.); *Bonadio v. East Park Research, Inc.*, 220 F.R.D. 187, 189–90 (N.D.N.Y. 2003) (same); *Pace*, 795 F.3d at 758 ("Ms. Pace's abuse of process claim against Timmermann's was in existence when Ms. Pace filed her 2011 answer and counterclaim, and therefore the district court was correct to bar her subsequent abuse of process claim against Timmermann's.").

2.      *Plaintiff Napoli has failed to state a claim for abuse of process*.

The elements for an abuse of process claim in New York are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" that is "outside the legitimate ends of the process." *Curiano v. Suozzi*, 63 N.Y. 2d 113, 116 (1984); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 6-CV-1260, 2009 WL 4547792, at *7–*8 (E.D.N.Y. Dec. 1, 2009).  New York courts have repeatedly held that (1) the mere "institution of

a civil action," even if prompted by a "malicious motive," "is not legally considered a process capable of being abused," and (2) alleged reputational damage and expense of litigation are not legally cognizable injuries for purposes of an abuse of process claim. *See, e.g.*, *Curiano*, 63 N.Y. 2d at 116; *see also Napoli*, 60 Misc.3d 1221(A), at *8 (noting that instituting a civil action is not a process capable of being abused).

Rather, to state a claim for abuse of process, the plaintiff must allege some "unlawful interference with [the plaintiff's] person[] or property *beyond merely filing a lawsuit*." *Curiano v. Suozzi*, 63 N.Y. 2d 113, 116 (1984) (emphasis added). Plaintiff Napoli has not and cannot in good faith make any such allegation here. Indeed, Plaintiff Napoli's claim relies on precisely those facts that the New York Court of Appeals and all four appellate departments have held are insufficient to state a claim for abuse of process:

- The "process" Plaintiff Napoli alleges was abused is the initiation and continuation of the Maryland Federal Action, a process that is not "legally capable of being abused" under black letter New York law. *Curiano*, 63 N.Y. 2d at 116; *Miller v. Stern*, 262 App. Div. 5, 7–8 (1st Dep't 1941) (same).

- Plaintiff Napoli has not alleged any facts to establish that KLF or Ms. Keyes used the process (*i.e.*, filing a complaint) outside of the purpose for which it was intended. *See Hauser v. Bartow*, 273 N.Y. 370, 374 (1937); *Krellman v. Livingston*, 406 N.Y.S. 2d 881, 882 (2d Dep't 1978); *Drago v. Buonagurio*, 402 N.Y.S. 2d 250, 252 (3d Dep't 1978).

- Plaintiff Napoli's only alleged damages are reputational injury and costs of defense, neither of which is a legally cognizable injury on an abuse of process claim. *See Curiano*, 63 N.Y. 2d at 116; *Williams v. Williams*, 23 N.Y.S. 2d 473, 476-77 (1969); *PSI Metals v. Firemen's Ins. Co of Newark, N. J.*, 839 F.2d 42 (2d Cir. 1988); *Scully v. Genesee Milk Producer's Co-op., Inc.*, 434 N.Y.S. 2d 48, 50 (4th Dep't 1980); *Tender Trap, Inc. v. Town of Huntington*, 100 Misc.2d 108, 418 N.Y.S. 2d 537, 541 (Sup. Ct., Suffolk Cnty. 1979).

As the above cases make clear, no abuse of process claim lies where, as here, the defendant merely instituted a lawsuit against the plaintiff and the plaintiff claims to have been harmed by legal fees and reputational damage.

Accordingly, the Court should grant KLF and Ms. Keyes' motion to dismiss Plaintiff

Napoli's claim for abuse of process with prejudice.  *See Curiano*, 63 N.Y. 2d at 116-18

(affirming lower court's dismissal of claim for abuse of process when lawsuit was filed "in

obvious retaliation" for a separate lawsuit the defendants had previously filed against the

plaintiff); *see also Ameasia Co. v. Golding Village Trading, Inc.*, 2009 WL 10706737, at *6

(E.D.N.Y. July 27, 2009) (no abuse of process where claimant alleged "nothing more" than (1)

plaintiff initiated a lawsuit after contractual relationship broke down, (2) plaintiff's claims were

meritless, and (3) costly litigation resulted).

3.      *The complaint is devoid of allegations as to Ms. Keyes.*

Count one of the complaint should also be dismissed as to Ms. Keyes because there are

no allegations concerning her individually.  Plaintiff Napoli attempts to treat KLF and Ms. Keyes

as a single unit—*i.e.*, alleging that "Ms. Keyes initiated a lawsuit against Plaintiff"—ignoring the

fact that KLF, an LLC, commenced the Maryland Federal Action, to which Ms. Keyes is

indisputably not a party.  *Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574–75 (E.D.N.Y. 2008)

(on a motion to dismiss, court may reject the truthfulness of allegations that are contradicted by

publicly available documents).  This approach flies in the face of established law that states that

a member of an LLC cannot be held liable for the company's actions based solely on her status as

a member.  *See, e.g.*, *Board of Managers of 325 Fifth Ave. Condo. v. Continental Residential

Holdings LLC*, 149 A.D.3d 472, 475 (1st Dep't 2017); *see also* Md. Code Ann., Corps. & Assoc.

§ 4A-301.  Plaintiff Napoli has alleged no facts that would support circumventing this rule.

**C.      The Court should grant KLF and Ms. Keyes reasonable attorneys' fees
and costs associated with defending this bad faith action.**

It is beyond ironic that Plaintiff Napoli is actually attempting to assert an abuse of

process claim.  After all, Plaintiff Napoli has initiated the instant, facially-baseless lawsuit for no

reason other than to retaliate against Ms. Keyes.  If there ever were a case that merited sanctions against the filing party, the instant case is it.  Consequently, this Court should grant KLF and Ms. Keyes their reasonable attorneys' fees and costs in defending this lawsuit and the previously-filed but dismissed First New York Action.

Sanctions are appropriate against Ms. Napoli, counsel for Plaintiff Napoli, and her law firm, pursuant to 28 U.S.C. § 1927 and against Plaintiff Napoli pursuant to the Court's inherent power.  Under § 1927, the court may order an attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  A court may impose sanctions pursuant to its inherent power when it finds that "'(1) the challenged claim was without a colorable basis and (2) the claim was asserted in bad faith, i.e., motivated by improper purposes such as harassment or delay.'"  *Semon*, 2008 WL 11450574, at *4 (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).  The practical difference between sanctions awarded pursuant to a court's inherent power and those awarded pursuant to § 1927 is that "'awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.'"  *Semon*, 2008 WL 11450574, at *4 (quoting *Schlaifer*, 194 F.3d at 336).

Under both § 1927 and the Court's inherent power, moreover, "'bad faith may be inferred . . . if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  *Id.*

As set out above in §IV.B, Plaintiff Napoli's claim for abuse of process is so completely without a factual or legal basis that the only reasonable conclusion is that it was brought in bad

faith.  Indeed, Plaintiff Napoli attempted to bring a claim for abuse of process based upon a set of facts that New York courts have consistently and frequently held for the last 80 years do not state a claim.  Worse, Marie Napoli (who has a history of bringing frivolous abuse of process claims) brought this claim (on behalf of one purported client of her firm against a second purported client of her own firm) in the face of ample *actual notice* that it was frivolous.[6]

This Court has previously granted sanctions under nearly identical (but far less egregious) circumstances.  In *Semon*, a group of plaintiffs alleged that a lawsuit the defendants filed against them in California constituted an abuse of process.  *Id.* at *1.  In addition to rejecting that claim, the Court noted that it was "difficult to accept that a reasonable attorney could have believed that the California suit could serve as the basis for an abuse of process claim," and held that sanctions were "entirely appropriate":

> It is well settled by the New York Court of Appeals that the service of a complaint is not legally considered process capable of being abused . . . This well-established principle of law only bolsters the Court's impression that *no reasonable attorney could have believed that the Defendants' filing of a simple breach of contract action could form the basis for a legitimate abuse of process claim.  Indeed, the complete lack of merit in the Plaintiffs' claim gives rise to the clear inference that this New York action was instituted in bad faith as retaliation* for the Defendants' filing of the California lawsuit.

*Id* at *5 (emphasis added).

---

[6] Plaintiff Napoli also requests as relief "an order that [KLF and Ms. Keyes] discontinue [the Maryland Federal Action]."  It is well-established that a state court cannot enjoin a party from continuing a suit in federal court, as Plaintiff Napoli requested when this action was originally filed in New York state court, which further demonstrates both the frivolity and the true purpose of this lawsuit.  *See Baker v. General Motors Corp.*, 522 U.S. 222, 236 n.9 (1998) ("[t]his court has held it impermissible for a state court to enjoin a party from proceeding in federal court"); *Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964)) (referring to "the old and well-established judicially declared rule that state courts are completely without power to restrain federal court proceedings, in in personam actions like the one here").

In addition to the overwhelming case law demonstrating that Plaintiff Napoli's claim is without any colorable basis, three additional facts further demonstrate the egregiousness of Plaintiff Napoli's and its counsel's conduct.

*First*, Plaintiff Napoli fraudulently joined Defendant Napoli in this case for the sole purpose of defeating diversity jurisdiction to maximize inconvenience to KLF and Ms. Keyes. As set out in KLF and Ms. Keyes' notice of removal (EDNY ECF No. 1), Ms. Napoli appears on both sides of this dispute: She is both counsel for Plaintiff Napoli (the plaintiff) and is a member of and partner at Napoli Shkolnik, which is the current form of Napoli Bern (the fraudulently joined defendant). She is also Mr. Napoli's wife, and Mr. Napoli owns and/or controls all of the Napoli Firms, including Plaintiff Napoli, Napoli Shkolnik, and Defendant Napoli. Likewise, Napoli Shkolnik is counsel of record for both Plaintiff Napoli and Defendant Napoli and, thus, is simultaneously prosecuting claims by one client against another client and defending claims on behalf of one client against another client in the same action. These facts demonstrate that Ms. Napoli and Plaintiff Napoli joined Napoli Bern in a bad-faith attempt to keep this lawsuit in New York State court, where it would cause the most inconvenience and expense to KLF and Ms. Keyes.

*Second*, that this is the Napoli defendants' *third attempt* to harass KLF and Ms. Keyes by filing frivolous claims against them is evidence of Plaintiff Napoli's bad faith. In the Maryland Federal Action, Defendant Napoli filed a meritless counterclaim against KLF and named Ms. Keyes as a third party defendant without any basis for doing so, and only withdrew that counterclaim after counsel for KLF drafted and served (but did not file) a motion for sanctions. On January 15, 2019, Napoli Kaiser filed the First New York Action, a lawsuit that was substantially identical to this one and on which Marie Napoli appeared as counsel for the

plaintiff, as she does in this case.  Napoli Kaiser withdrew the First New York Action days before KLF's and Ms. Keyes' responsive pleadings were due and after they were forced to incur attorneys' fees and expenses in defending that action.  Ms. Napoli and Plaintiff Napoli then filed this lawsuit, ignoring the letter undersigned counsel sent to the Napoli defendants that specifically identified the deficiencies in the claim for abuse of process in the First New York Action.  That Ms. Napoli and Plaintiff Napoli filed this lawsuit after they were put on notice that their claim was frivolous further demonstrates that Ms. Napoli and Plaintiff Napoli filed this lawsuit to harass KLF and Ms. Keyes by needlessly multiplying proceedings and increasing attorneys' fees and expenses.

*Third,* Ms. Napoli recently tried to bring another claim for abuse in New York state court that was dismissed for some of the same reasons that Plaintiff Napoli's claim should be dismissed in this case.  The court in that case held that Ms. Napoli had not satisfied even "the first element of th[e] claim" and specifically noted that: (1) "'the institution of a civil action by summons and complaint is not legally considered a process capable of being abused'"; and (2) Ms. Napoli had failed to state any facts demonstrating that the "process" at issue had been used for any illegitimate purpose.  *See Napoli*, 60 Misc.3d 1221(A), at *8 (quoting *Goldman v. Citicore I, LLC*, 149 A.D.3d 1042, 1044–45 (2d Dep't 2017)).  It is inconceivable she forgot about that case.

Given the overwhelming case law on point, no reasonable attorney (particularly Ms. Napoli) could believe that the Maryland Federal Action could serve as the basis for an abuse of process claim against KLF, let alone against Ms. Keyes.  Worse, Ms. Napoli and Plaintiff Napoli had actual notice that such a claim would be untenable well before they filed the complaint in this case.  The Court should find that Ms. Napoli and Plaintiff Napoli filed this lawsuit in bad faith and should award sanctions against Ms. Napoli, her firm Napoli Shkolnik, and Plaintiff

Napoli for KLF's and Ms. Keyes' reasonable attorneys' fees and expenses incurred in connection

with this lawsuit and the First New York Action.  *Semon*, 2008 WL 11450574, at *5 (awarding

sanctions because no reasonable attorney could believe that filing a lawsuit for breach of contract

could form the basis for a legitimate abuse of process claim).

> **D.      In the alternative, this case should be transferred to the U.S. District Court  for the District of Maryland.**

If the Court determines that dismissal and/or sanctions are not warranted, or if this Court

determines that, as a matter of judicial economy, Judge Bennett in the Maryland Federal Action

might be in a better position to assess these matters, this Court should transfer this case to the

United States District Court for the District of Maryland.

Pursuant to 28 U.S.C. § 1404, transfer to any "district or division" where an action might

have been brought is permitted "for the convenience of the witnesses or parties and in the

interests of justice."  28 U.S.C. § 1404(a).  "The goal of Section 1404(a) is to prevent waste of

time, energy and money and to protect litigants, witnesses and the public against unnecessary

inconvenience and expense.  Therefore, courts consistently recognize that the existence of a

related action in the transferee district is a strong factor to be weighed with regard to judicial

economy, and may be determinative."  *Sati v. Wells Fargo Ins. Servs., Inc.*, 2016 WL 7116069,

at *2-*3 (E.D.N.Y. Dec. 5, 2016).

To determine whether to exercise its discretion to transfer, the Court considers whether:

(1) venue is proper in the proposed transferee district, and (2) transfer will serve the convenience

of witnesses and parties and is in the interests of justice inconsideration of: (i) convenience of

witnesses; (ii) convenience of parties; (iii) locus of operative facts; (iv) availability of process to

compel the attendance of unwilling witnesses; (v) location of relevant documents and other

sources or proof; (vi) relative means of the parties; (vii) relative familiarity of the forum with the

governing law; (viii) weight accorded to the plaintiff's choice of forum; and (ix) the interests of justice. *Sati*, 2016 WL 7116069, at *2-3.

This lawsuit is predicated entirely on the pending Maryland Federal Action. This fact weighs "strong[ly]" in favor of transfer to the District of Maryland. *Id.*. Venue is proper in that district pursuant to 28 U.S.C. § 1391, both because all properly joined defendants are residents of Maryland and because a substantial part of the events giving rise to Plaintiff Napoli's purported claims occurred in Maryland. *See* 28 U.S.C. § 1391(b)(1) & (2).

Moreover, transfer will serve the convenience of witnesses and parties and is in the interests of justice given that all operative facts arose in Maryland (and will continue to arise in Maryland during the pendency of the Maryland Federal Action) and relevant documents are located in Maryland and/or have been filed in the Maryland Federal Action. The Court should give no weight to Plaintiff Napoli's chosen forum because Plaintiff Napoli filed this lawsuit in New York for the sole purpose of inconveniencing and harassing KLF and Ms. Keyes.

Finally, the interests of justice weigh strongly in favor of transfer and indeed, the existence of the Maryland Federal Action should be considered "determinative" in this case, given that this lawsuit is predicated upon a related action in the District of Maryland and threatens KLF's ability to pursue claims in that action that a Maryland District Judge has repeatedly held to be viable. *See Sati*, 2016 WL 7116069, at *2-*3; *see also Shmuel Shmueli,* 68 F. Supp.2d 161 (transferring issue of whether sanctions were warranted to court where original lawsuit was pending).

## V.   CONCLUSION

For the reasons stated above, this Court should dismiss with prejudice the complaint against KLF and Ms. Keyes and award attorneys' fees and costs to them and against Plaintiff

Napoli, Ms. Napoli, and Napoli Shkolnik PLLC, to reimburse KLF and Ms. Keyes for the

reasonable attorneys' fees and costs they incurred in defending against this action and the First

New York Action.  In the alternative, this Court should transfer either this action or KLF's

motion for sanctions to the United States District Court for the District of Maryland.


Dated:  May 17, 2019

                                                              __*/s/ David J. Shuster*_____
                                                              Andrew Jay Graham (Reg. No. 1815588)
David J. Shuster (admitted *pro hac vice*)
Jean E. Lewis (admitted *pro hac vice*)
Ezra S. Gollogly (admitted *pro hac vice*)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
(410) 752-6030 Telephone
(410) 539-1269 Facsimile
agraham@kg-law.com
dshuster@kg-law.com
jlewis@kg-law.com
egollogly@kg-law.com

Cheryl F. Mintz (CFM-5098)
Rosenthal & Mintz LLP
330 Vanderbilt Motor Parkway, Suite 300
Hauppauge, New York  11788
(631) 306-4453 Telephone
(631) 622-7701 Facsimile
cmintz@rosemintzllp.com

*Counsel for Defendants Keyes Law Firm,*
*LLC and Mary Keyes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2019, a copy of the foregoing paper, including all exhibits thereto, was sent by email and first-class mail, postage prepaid, and by Federal Express delivery to:

> Marie Napoli
> Napoli Shkolnik PLLC
> 400 Broadhollow Road
> Melville, New York 11747
> Email: MNapoli@napolilaw.com
>
> *Counsel for Plaintiff Napoli Law PLLC*
>
> Paul J. Napoli
> Napoli Shkolnik PLLC
> 360 Lexington Avenue, 11th Fl.
> New York, NY 10017
> PNapoli@NapoliLaw.com
>
> *Counsel for Defendant Napoli Bern
> Ripka Shkolnik, LLP*

> _____*/s/ David J. Shuster*_____
> David J. Shuster

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————x

NAPOLI LAW PLLC

Civil No. 19-1558-DRH-ARL

Plaintiff

v.

KEYES LAW FIRM, LLC, MARY KEYES and NAPOLI
BERN RIPKA SHKOLNIK, LLP

Defendants

———————————————————————x

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR SANCTIONS OR, IN THE ALTERNATIVE, TO TRANSFER

### CERTIFICATION

I hereby certify, pursuant to 22 NYCRR § 130-1.1-a, that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the annexed **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR SANCTIONS OR, IN THE ALTERNATIVE, TO TRANSFER,** and supporting papers, or the contentions therein are not frivolous as defined in subsection (c) of the aforesaid section.

—————————————————————
DAVID J. SHUSTER

KRAMON & GRAHAM, P.A.
Attorney for Plaintiff
One South Street, Suite 2600
Baltimore, Maryland 21202
Tel:(410) 752-6030
Fax:(410) 539-1269