UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────x
NAPOLI LAW PLLC

        Plaintiff                      Civil No. 19-1558-DRH-ARL

  v.

KEYES LAW FIRM, LLC, MARY KEYES
and NAPOLI BERN RIPKA SHKOLNIK, LLP

    Defendants
───────────────────────────────x

### DEFENDANTS KEYES LAW FIRM, LLC'S AND MARY KEYES' NOTICE OF SUPPLEMENTAL AUTHORITY

On December 19, 2019, after a nine-day jury trial, a jury in the United States District Court for the District of Maryland returned a verdict that extinguishes the sole cause of action in the instant complaint filed by plaintiff Napoli Law PLLC ("Plaintiff Napoli") against defendants Keyes Law Firm, LLC ("KLF") and Mary Keyes.[1]  The verdict further demonstrates KLF's and Ms. Keyes' entitlement to sanctions against Plaintiff Napoli and its counsel, Marie Napoli, for unnecessarily multiplying these proceedings; or alternatively, further supports KLF's and Ms. Keyes' request to transfer this case to the District of Maryland so that the federal judge who presided over the parties' recent jury trial (and two years' worth of preceding litigation) can address the matter of sanctions.

In the instant case, Plaintiff Napoli asserts a purported "abuse of process" claim against KLF and Ms. Keyes for commencing the underlying action in the United States District Court for the District of Maryland.  *See Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.*, Case No. 17-cv-2972-RDB (D.Md.) (the "Maryland Federal Action").  In the Maryland Federal

---

[1] Plaintiff Napoli also asserts in this case a claim against defendant Napoli Bern Ripka Shkolnik, LLP ("Defendant Napoli").  As is explained below, Defendant Napoli was fraudulently joined the sole purpose of defeating diversity jurisdiction.

Action, KLF asserted claims against Plaintiff Napoli, Defendant Napoli, and other defendants for, *inter alia*, breach of contract and an accounting arising out of the breach of agreements to associate as counsel on 2,174 of KLF's clients' asbestos claims.  In December 2019, after two years of protracted litigation that Plaintiff Napoli and its related entities forced KLF to file because they would not fully account for and pay KLF the amounts due to KLF, the Maryland Federal Action was tried before a jury.  The trial commenced on December 9, 2019.  The jury returned a verdict in favor of KLF and against Plaintiff Napoli, Defendant Napoli, Paul Napoli (who represents Defendant Napoli in this case), and certain other Napoli-related parties in the principal amount of $1,502,882.  *See* Maryland Federal Action, ECF 428, attached as **Exhibit A** (the "Final Judgment") and ECF 445, attached as **Exhibit B** (the "Verdict Form").[2]  The jury also specifically found that Plaintiff Napoli is an "alter ego" entity that shares liability with Defendant Napoli and Paul Napoli.  *See* Verdict Form at § II.B.[3]

---

[2] *See, e.g.*, *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")

[3] In this case, Plaintiff Napoli sued Defendant Napoli to obtain a declaratory judgment that Defendant Napoli must indemnify Plaintiff Napoli for legal fees, costs, and any judgment arising out of the Maryland Federal Action.  As explained in KLF's and Ms. Keyes' prior filings in this case, Defendant Napoli was fraudulently joined for the sole purpose of defeating diversity jurisdiction. *See, e.g.*, ECF 1 (notice of removal) & 27-2 (memorandum in support of motion to dismiss and for sanctions).  That Defendant Napoli was fraudulently joined is reflected by counsel of record in this case: Defendant Napoli is represented Paul Napoli, who is married to counsel for Plaintiff Napoli, Marie Napoli.  The Napolis practice law in the same firm.  Thus, two married lawyers from the same firm purport to represent direct adversaries in litigation.  The jury verdict in the Maryland Federal Action reveals the true relationship among the parties: Plaintiff Napoli and Defendant Napoli are alter egos of Paul Napoli.  For these and the other reasons set forth in KLF's papers, Plaintiff Napoli and Defendant Napoli are obviously not real adversaries; instead, the latter was fraudulently joined to avoid this Court's jurisdiction.

In short, even though Plaintiff Napoli never stated a viable "abuse of process" claim, KLF prevailed in the Maryland Federal Action before a jury on the very claims that Plaintiff Napoli asserts in this action constitute an abuse of process.

The fact that the underlying claims have terminated in KLF's favor is but a small part of the alarming history before this Court. As KLF has previously made clear:

- Before Plaintiff Napoli commenced this action, the Honorable Richard D. Bennett, the United States District Judge presiding over the Maryland Federal Action, held on *three separate occasions* that KLF's claims against Plaintiff Napoli (and certain other defendants) were well-plead and should proceed. *See* ECF 27-2 (memorandum in support of motion to dismiss and for sanctions) at 2 & 7 (describing Judge Bennett's prior rulings).

- During the pendency of this action, Judge Bennett held that KLF's claims against Plaintiff Napoli (and certain other defendants) were *supported by sufficient evidence and should proceed to trial*. *See* ECF 32 (response to Plaintiff Napoli's notice of supplemental authority) at 1-2 (describing Judge Bennett's denial of Plaintiff Napoli's motion for summary judgment).

- On December 19, 2019, after an nine-day trial, the jury in the Maryland Federal Action returned a verdict in favor of KLF and against Plaintiff Napoli, Defendant Napoli, and certain other defendants in the principal amount of $1,502,882. *See* Final Judgment; Verdict Form.

Against this backdrop, the assertions made by Plaintiff Napoli in its complaint—that KLF's claims are "frivolous" and that the Maryland Federal Action constitutes an "abuse of process," ECF 1-2 (complaint) at ¶¶ 1, 18—should be called out for what they are: ludicrous.

In addition, the history leading up to this filing is replete with litigation misconduct by the Napoli parties. For example:

- In January 2019, a different Napoli-controlled entity—Napoli, Kaiser, Bern & Associates, LLP (the "Napoli Kaiser") filed a complaint against KLF and Ms. Keyes that is substantively identical to the complaint in this action. Napoli Kaiser voluntarily withdrew that complaint after receiving a letter from KLF's counsel reserving "all rights to seek sanctions" in connection with the complaint, "which by any measure is meritless and was not brought in good faith." ECF 27-2 (memorandum in support of motion to dismiss and for sanctions) at 4 (describing earlier action and attaching letter from KLF's counsel).

3

- Defendant Napoli also filed a meritless counterclaim in the Maryland Federal Action against KLF and Ms. Keyes, but quickly withdrew it after KLF's counsel served a motion for sanctions under Fed. R. Civ. P. 11. *Id*. at 5.

- After extensive written submissions, multiple conferences with the Court, and a show cause hearing, Judge Bennett concluded that Plaintiff Napoli, Defendant Napoli, and certain other defendants "did not comply with this Court's [discovery] Orders" and sanctioned these defendants $316,873.12 in attorneys' fees and costs. *See* Maryland Federal Action at ECF 234 (Judgment Awarding Fees and Expenses).

The complaint filed by Plaintiff Napoli in this case cannot be viewed in isolation. Not only was it meritless when filed (by virtue of prior court rulings), but it represents yet another example of litigation misconduct. Plaintiff Napoli and Defendant Napoli, moreover, are *law firms*. They and their hopelessly conflicted husband-and-wife legal team are charged with knowing and obeying the ethical and procedural rules that guide the practice of law. Yet they have thumbed their noses at those rules, again and again, as set forth above. It is precisely for cases like this that the Court is empowered to issue sanctions under 28 U.S.C. § 1927 and the Court's inherent powers. This is a case that never should have been brought. It obviously "multiplies the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. And it is the latest step in a long line of sanctionable misconduct.

For the above reasons, this Court should grant KLF's and Ms. Keyes' motion, dismiss the complaint, and sanction Plaintiff Napoli and its counsel. Alternatively, this Court should transfer this case to the District of Maryland so that Judge Bennett can address the matter of sanctions.


Dated: December 30, 2019

   */s/ Ezra S. Gollogly*
Andrew Jay Graham (Reg. No. 1815588)
David J. Shuster (admitted *pro hac vice*)
Jean E. Lewis (admitted *pro hac vice*)
Ezra S. Gollogly (admitted *pro hac vice*)

4

5

        Kramon & Graham, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland  21202
        (410) 752-6030 Telephone
        (410) 539-1269 Facsimile
        agraham@kg-law.com
        dshuster@kg-law.com
        jlewis@kg-law.com
        egollogly@kg-law.com

        Cheryl F. Mintz (CFM-5098)
        Rosenthal & Mintz LLP
        330 Vanderbilt Motor Parkway, Suite 300
        Hauppauge, New York  11788
        (631) 306-4453 Telephone
        (631) 622-7701 Facsimile
        cmintz@rosemintzllp.com

        *Counsel for Defendants Keyes Law Firm,*
        *LLC and Mary Keyes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2019, a copy of the foregoing document was served electronically on all counsel of record via the Court's electronic filing system and via first class mail, postage prepaid, to:

> Marie Napoli
> Napoli Shkolnik PLLC
> 400 Broadhollow Road
> Melville, New York 11747
>
> *Counsel for Plaintiff Napoli Law PLLC*
>
> Paul J. Napoli
> Napoli Shkolnik PLLC
> 360 Lexington Avenue, 11th Fl.
> New York, NY 10017
>
> *Counsel for Defendant Napoli Bern Ripka Shkolnik, LLP*

                                                  */s/ Ezra S. Gollogly*
                                                  Ezra S. Gollogly